# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ADAM FULTON,** | CASE NO.: |
| Plaintiff, | |
| | JUDGE |
| v. | |
| **PARK AUTO SOUTH INC. d/b/a PARKWAY HONDA** | **COMPLAINT** |
| | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Adam Fulton, by and through counsel, brings this Complaint against Defendant Park Auto South Inc. d/b/a Parkway Honda, and alleges as follows:

## PARTIES

1. Plaintiff is an adult individual residing in Tuscarawas County, Ohio. Plaintiff was employed by Defendant during all times relevant to this Complaint.

2. Defendant is a corporation for profit with a principal place of business in Tuscarawas County, Ohio. Defendant can be served at 855 Commercial Parkway, Dover, OH 44622.

3. At all times relevant to this Complaint, Defendant was an employer covered by the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. (the "FMLA").

4. At all times relevant to this Complaint, Plaintiff was an eligible employee of Defendant as defined by 29 U.S.C. § 2611(2) because Plaintiff was employed by Defendant for more than 12 months and worked at least 1,250 hours for Defendant during the relevant twelve-month period.

**JURISDICTION AND VENUE**

5. Jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the FMLA.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (2).

**STATEMENT OF FACTS**

7. Plaintiff was employed by Defendant as a Service Advisor for approximately 27 years.

8. On or about February 18, 2021, Plaintiff suffered an injury to his right knee while at work.

9. On February 22, 2021, Plaintiff's physician diagnosed Plaintiff with internal derangement of the right knee, a strained patellar tendon, and a sprained anterior cruciate ligament.

10. As a result of this diagnosis, Plaintiff was directed to refrain from work until his next appointment, which was scheduled for March 22, 2021.

11. As Plaintiff was unable to work because of his diagnosis, Plaintiff was incapacitated with a serious health condition within the meaning of 29 CFR § 825.113, and required a leave of absence pursuant to the FMLA.

12. Plaintiff immediately informed Defendant of his need for leave on February 22, 2021.

13. At the time of his request for leave, Plaintiff had been continuously employed as a full-time employee for well over 12 months, and he had worked more than 1,250 hours in the preceding year. Thus, Plaintiff was a covered employee within the meaning of the FMLA.

14. In informing Defendant of his need for a leave of absence, Plaintiff had provided Defendant with "enough information to reasonably conclude that an event described in the FMLA

§ 2612(a)(1) has occurred." *Wallace v. FedEx Corp.*, 764 F.3d 571 (6th Cir. 2014); *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 723-724 (6th Cir. 2003); *Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 451 (6th Cir. 1999)). Thus, Defendant was on Notice of Plaintiff's need for FMLA leave.

15. Although Defendant was on notice of Plaintiff's need for FMLA leave, Defendant failed to provide Plaintiff with required notices of eligibility as described in the FMLA regulations. *See* 29 CFR 825.300. Moreover, Defendant failed to provide Plaintiff with a protected leave of absence, and instead terminated Plaintiff's employment.

16. By failing to provide notices as required by the FMLA, and by terminating Plaintiff's employment for taking leave protected by the FMLA, Defendant interfered with Plaintiff's rights under the FMLA.

## COUNT I
### (Violation of FMLA – Interference / Wrongful Termination)

17. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

18. At all relevant times, Defendant was an employer as defined by the FMLA, and Plaintiff was an eligible employee entitled to rights under the FMLA.

19. Plaintiff's medical condition constituted a serious health condition as defined by the FMLA.

20. Plaintiff required FMLA leave due to his serious health condition. Plaintiff informed Defendant of this need for FMLA, and Defendant was on notice of such need.

21. Defendant's failure to provide Plaintiff with required FMLA notices and a period of FMLA-protected leave interfered with Plaintiff's rights under the FMLA, and directly resulted in the termination of his employment.

22. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to recover, without limitation, damages equal to wages, salary, employment benefits, other compensation denied or lost, and/or actual monetary losses, plus interest, liquidated damages and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Awarding Plaintiff compensatory damages;

2. Awarding Plaintiff liquidated damages;

3. Awarding Plaintiff his reasonable costs and attorney fees; and

4. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Christopher J. Lalak*
**NILGES DRAHER LLC**
Christopher J. Lalak (0090079)
1360 East Ninth Street
Suite 808
Cleveland, Ohio 44114
Telephone 216.230.2955
Email: clalak@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

                                           /s/ *Christopher J. Lalak*
                                           Christopher J. Lalak

                                           *Counsel for Plaintiff*